UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                      15-CR-122-FPG
                                               REPORT AND RECOMMENDATION

      -v-

DANIEL MOLINA-RIOS,

           Defendant.
_____

      Currently before the Court is defendant Daniel Molina-Rios' motion to suppress evidence seized from 74 Fillmore Avenue, Buffalo, New York, on June 18, 2015, pursuant to a search warrant issued by Hon. Jeremiah J. McCarthy.  (*See* Dkt. No. 28 ¶¶51-58).   Defendant argues that the affidavit submitted in support of the search warrant application did not establish probable cause as it was based on conclusory statements rather than factual averments.  Defendant also argues that the description of the location to be searched contained in the search warrant did not meet the particularity requirement of the Fourth Amendment.   By Text Order filed March 30, 2016, the presiding judge in this case, Hon. Frank P. Geraci, Jr., referred the instant motion to this Court, pursuant to 28 U.S.C. §§636(b)(1)(B) and (C), for report and recommendation.  (Dkt. No. 45).  Oral argument on the motion was held on August 12, 2016.   The Court asked for additional briefing from the government, which the government provided on August 19, 2016.  (Dkt. No. 58).  The Court also allowed the defendant until August 26, 2016, to file any additional submissions he thought appropriate.  No such submissions were filed.

After reviewing the search warrant and search warrant application at issue, as well as the submissions of the parties, and after hearing argument from counsel, the Court recommends that defendant's motion to suppress evidence be denied.

## DISCUSSION

I.      *Lack of Standing*

Defendant's motion should be denied because he has failed to show that he has the requisite standing to challenge the allegedly illegal search.  "A defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched."  *United States v. Hemingway*, No. 05-CR-6108L, 2007 WL 499470, at *8 (W.D.N.Y. Feb. 13, 2007) (citing *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).  The burden of establishing such an expectation of privacy or "standing" falls squarely upon the defendant.  *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).  This burden to show standing "is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge."  *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995).

Here, defendant has failed to provide sworn testimony, in any form, showing that he had any sort of reasonable privacy interest in the premises at 74 Fillmore Avenue. He has not alleged any property or possessory interest in the premises.  Nor has he alleged any other connection to the property, such as being an occasional overnight guest or visitor.  Thus, defendant has failed to show by a preponderance of the evidence that he has standing to challenge the search, and his motion to suppress must therefore be denied. *See Hemingway*, 2007 WL 499470, at *9.

II.     *Probable Cause*

The Fourth Amendment requires a valid search warrant be issued based "upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause is determined by a magistrate judge where the totality of the circumstances indicate a fair probability that evidence of a crime will be found at the place to be searched.   *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The probable cause analysis is based on the magistrate judge's application of common sense.   *Id.*   Further, a magistrate judge's finding of probable cause is entitled to substantial deference by the reviewing court.   *United States v. Nichols*, 912 F.2d 598, 602 (2d Cir. 1990); *United States v. Patterson*, No. 12-CR-64-A, 2014 WL 692955, at *2 (W.D.N.Y. Feb. 21, 2014). Any doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant.   *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993).

Affidavits filed in support of search warrants enjoy a presumption of validity. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  An affidavit in support of an application for a search warrant demonstrates a proper showing of probable cause when it sets forth facts which are sufficient to induce a reasonably prudent person to believe that a search of the areas described within the warrant will uncover evidence of a crime. *Berger v. New York*, 388 U.S. 41, 55 (1967).  The government is not required to provide every known fact or detail of the investigation in the affidavit.   *See United States v. Lahey*, 967 F. Supp. 2d 698, 716 (S.D.N.Y. 2013).  Instead, an affidavit that is based on reasonable inferences, common sense and the affiant's past experience can establish

sufficient probable cause.  *See United States v. Blocker*, 269 F. App'x 117, 119 (2d Cir. 2008) (summary order); *see also United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985) ("[A]n agent's expert opinion is an important factor to be considered by the judge reviewing a warrant application.").

Here, defendant's motion to suppress should be denied as the search warrant was supported by probable cause.  The supporting affidavit of the investigating agent contained the statement of a confidential informant, relevant portions of intercepted Title III communications, and results from pole camera monitoring of 74 Fillmore Avenue, as well as observations and inferences drawn by the agent based on his previous experience and training, showing defendant's participation in a large drug distribution conspiracy and the use of 74 Fillmore Avenue as a location to store drugs and to conduct drug trafficking activity.  Particularly telling were selected portions of intercepted phone conversations between defendant and his girlfriend, Desiree Morales, demonstrating that defendant stored heroin at 74 Fillmore Avenue.  Viewing the totality of the facts and circumstances alleged in the supporting affidavit, through the lens of common sense, the Court finds that there was sufficient probable cause for the issuance of the search warrant.

III.   *Particularity*

Defendant contends that the search warrant did not describe the location to be searched with sufficient particularity.  The Court finds this argument to be without merit.

A search warrant must describe with particularity "the place to be searched, and the persons or things to be seized," U.S. Const. amend. IV, to prevent a "general, exploratory rummaging in a person's belongings."  *Coolidge v. New Hampshire*, 403

U.S. 443, 467 (1971).  Affidavits that "identif[y] the place intended to be searched with sufficient distinction to enable the officer executing the warrant to identify and locate the place with a reasonable degree of effort," satisfy the Fourth Amendment's particularity requirement.  *United States v. Pisano*, 191 F. Supp. 861, 863 (S.D.N.Y. 1961) (finding an error minor in regard to the incorrect street address where the executing officer did not need to exert unreasonable effort to locate the intended premises); *see also United States v. Contee*, 170 F. Supp. 26, 27 (D.D.C. 1959) (finding an error pertaining to the address minor where the affidavit outlined additional details and the agents had prior knowledge of the place intended to be searched); *United States v. Kenney*, 164 F. Supp. 891, 893 (D.D.C. 1958) (finding lack of particularity in search warrant where the only descriptive feature of a premises was an incorrect street address).

Here, the description of the location to be searched was sufficiently particular to pass muster under the Fourth Amendment.  The search warrant described the property to be searched, 74 Fillmore Avenue, in extensive detail, including the type of structure, the color, and the location.  The search warrant also included as an exhibit a photograph of the property.  In addition, the search warrant specified that the portion of 74 Fillmore to be searched was limited to the lower section of the premises.  The search warrant also stated that the address number, "74," was displayed on the front door. Thus, even if the address number could not be viewed from the street, as defendant contends, the executing agents could still identify the address number before entering the premises.

IV.    *Good Faith Exception*

The Court finds that defendant's motion to suppress should also be denied based on the "good faith exception" established in *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, evidence seized pursuant to a challenged warrant is admissible provided the police acted with objective and reasonable good faith, even if the judicial officer erred in finding probable cause.  *Id.* at 922.

Here, for the reasons stated above, the Court finds that the warrant at issue was not so facially deficient that the executing officers should not have reasonably relied upon it in good faith.  In other words, a reasonably well-trained officer would not have known that the search warrant in this case was illegal.

## CONCLUSION

For the reasons stated above, the Court recommends that defendant's motion to suppress evidence seized from 74 Fillmore Avenue (Dkt. No. 28 ¶¶51-58) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59.  Any requests for an extension of this deadline must be made to Judge Geraci.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation***

***WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:      September 15, 2016
            Buffalo, New York

/s/ *Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge