UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

Case #15-CR-122-FPG

v.

DECISION AND ORDER

DANIEL MOLINA-RIOS,
ORLANDO RIOS,
LUIS MONTANEZ, and
JOSE ANDUJAR,

Defendants.

---

The single count Indictment in this case alleges that Defendants Daniel Molina-Rios, Orlando Rios, Luis Montanez and Jose Andujar conspired to possess and to distribute 100 grams or more of heroin. *See* ECF No. 1. By Text Order dated June 11, 2015, this matter was referred to United States Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 2. By separate Text Order dated March 30, 2016, the Court modified that referral order so that any proceedings regarding Defendant Daniel Molina-Rios' suppression motion which challenges a search warrant previously issued by Magistrate Judge McCarthy, would be referred to United States Magistrate Judge Michael J. Roemer. ECF No. 45.

Presently before the Court are two separate Report and Recommendations. Magistrate Judge McCarthy's Report and Recommendation (ECF No. 50) addresses motions filed by Defendants Molina-Rios and Jose Andujar, and Magistrate Judge Roemer's Report and Recommendation (ECF No. 59) addresses Defendant Molina-Rios' search warrant challenges.

I. Magistrate Judge McCarthy's Report and Recommendation

Defendants Molina-Rios and Andujar moved to suppress evidence obtained through court authorized wiretaps. ECF Nos. 25, 28. Defendant Molina-Rios' motion also purports to seek the suppression of other unidentified and unspecified statements, although the government represents that no such statements exist. ECF Nos. 28, 34. Magistrate Judge McCarthy recommends denying both Defendants motions to suppress wiretap evidence on the merits, and also recommends denying Defendant Molina-Rios' motion to suppress statements due to his failure to identify any specific statement in dispute.

No party filed objections to Magistrate Judge McCarthy's Report and Recommendation, and the time to do so has expired.

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge McCarthy's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Magistrate Judge McCarthy also reminded the parties of the importance of filing timely objections, stating that "a party to fails to object timely waives any right to further judicial review of this decision." ECF No. 50. (internal quotation marks, citation and alterations omitted).

Since no objections were filed, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy (ECF No. 50) in its entirety, and Defendants' motions to suppress wiretap evidence and statements (ECF Nos. 25, 28) are in all respects DENIED.[1]

II. Magistrate Judge Roemer's Report and Recommendation

Defendant Molina-Rios moved to suppress evidence that was seized on June 18, 2015 from 74 Fillmore Avenue, Buffalo, New York, pursuant to a search warrant that was issued by Magistrate Judge McCarthy. ECF No. 28. Defendant Molina-Rios argues that the warrant was defective in that (1) the location of the premises to be searched was insufficient; and (2) the search warrant application did not establish probable case for the requested search. *Id.*

Magistrate Judge Roemer recommends denying the motion for several reasons. First, Magistrate Judge Roemer found that Defendant Molina-Rios failed to establish his standing to challenge the search at issue. Second, he found that the challenged warrant sufficiently established probable case for the search. Third, he also found that the warrant sufficiently described the location to be searched. Finally, he determined that in any event, suppression would be unwarranted because, assuming any defects existed in the challenged warrant, the warrant was obtained and executed in good faith, and suppression would be unwarranted under the so-called good faith exception to the Fourth Amendment. ECF No. 59. Defendant Molina-Rios has filed objections to each of Magistrate Judge Roemer's recommendations. ECF No. 60.

[1] Even if *de novo* review were required, the Court would still adopt Magistrate Judge McCarthy's Report and Recommendation in its entirety.

Since Defendant Molina-Rios has filed objections, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Local Rule of Criminal Procedure 59(b)(2) requires that "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made *and the basis for each objection, and shall be supported by legal authority*." (emphasis added.)

Defendant Molina-Rios' objects to Magistrate Judge Roemer's determination that he failed to establish his standing to challenge the warrant at issue. ECF No. 60. But his objections fail to provide any specific facts or any developed argument in support of his position. His argument, in total, is that:

> the factual basis in the R&R for denying standing overlooks the sworn Affidavit of DEA Agent Clinton Calloway dated June 5, 2015 submitted to the Court in support of the search warrant application. There are several of the sworn statements of fact, which, if believed would establish not only a privacy interest but also that the defendant lived in the residence at 74 Fillmore Avenue. Given the foregoing error, the Report and Recommendation should not be accepted on the issue of standing to contest the search of the dwelling.

*Id.*

Defendant Molina-Rios bears the burden of establishing that he has standing to challenge the search warrant at issue. *Rakas v. Illinois,* 439 U.S. 128, 130 n. 1 (1978). To establish standing, he must demonstrate that he had a subjective expectation of privacy in the invaded area that "society is prepared to recognize as reasonable." *Rakas,* 439 U.S. at 143 n. 12.

Defendant Molina-Rios' perfunctory argument fails to support his position. His argument to this Court is devoid of any factual development, and his blanket statement that "several of the sworn statements" could establish his client's standing lacks any details that

would allow the Court to review his argument. As such, his unsupported argument is deemed to be waived. *See United States v. Fuentes*, No. 09–CR–143, 2012 WL 4754736, at *3 (W.D.N.Y. April 25, 2012) (considering arguments that are "largely conclusory, boilerplate, undeveloped and bereft of any supporting case authority" waived.). But more fundamentally, the wholly conclusory language that Defendant Molina-Rios now advances simply does not carry his burden to establish standing, since it does nothing to specifically demonstrate his own subjective expectation of privacy in the area searched. *Rakas*, 439 U.S. at 143.

As such, Molina-Rios' objections to Magistrate Judge Roemer's recommendation that his suppression motion be denied for lack of standing is overruled, and Magistrate Roemer's recommendation on this basis is adopted.

Although the standing issue is dispositive of Defendant Molina-Rios' suppression motion regarding the challenged search warrant, the Court also agrees with Magistrate Judge Roemer's determinations on the merits of the suppression motion. That is, that the challenged warrant was supported by sufficient probable cause for the search at 74 Fillmore Avenue, and the warrant sufficiently described the property at 74 Fillmore Avenue for purposes of the Fourth Amendment.

Regarding probable cause, Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place," *Illinois v. Gates*, 462 U.S. 213, 230 (1983), and the law recognizes that probable cause "does not demand certainty but only a fair probability that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004). In reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) (internal quotation marks and alterations omitted), as "courts

recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." *Gaskin*, 364 F.3d at 457. Further, reviewing courts "must accord considerable deference to the probable cause determination of the issuing magistrate." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007)).

As Magistrate Judge Roemer pointed out, the 73 page affidavit in support of the challenged warrant described statements from confidential informants who were used in the investigation, described results from a pole camera that was monitoring 74 Fillmore Avenue, and contained relevant portions of wiretap conversations, included one conversation between Defendant Molina-Rios and his girlfriend about storing heroin at 74 Fillmore Avenue. These facts provide sufficient probable cause to believe that evidence of narcotics trafficking would be found at 74 Fillmore Avenue.

But even putting that aside, and even if the warrant were somehow deficient, this Court further agrees with Magistrate Judge Roemer's determination that the evidence would still be admissible under the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984). In *Leon*, the Supreme Court recognized an exception to the exclusionary rule for "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *Leon*, 468 U.S. at 922. "However, the so-called good faith exception does not apply where "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011), citing *Leon*, 468 U.S. at 923.

Defendant Molina-Rios only makes a perfunctory argument regarding why he believes the good faith exception should not apply in this case, positing that "a reasonably well-trained officer would still have to guess which of the buildings to search when looking at the photograph attached to the search warrant." ECF No. 60. In other words, Defendant Molina-Rios' objections are based only on one of the four *Leon* factors, namely, that "the warrant is so facially deficient that reliance upon it is unreasonable." *Leon*, 468 U.S. at 923. This argument is without merit. The warrant specifically describes the premises to be searched as:

> 74 Fillmore Avenue, Lower, Buffalo, New York…a two and one-half story multi-frame dwelling located on the west side of Fillmore Avenue, facing east between Smith Street and South Division Street. The residence is yellow in color with brown trim and a stone façade on the face of the lower front story of the residence. There is a white screen door which is accessed by a front porch and a brown wooden entry door inside the screen. The number '74' is displayed in black numbers on the front of the white screen door. This warrant is for the lower apartment…

ECF No. 54-1.

Based on this detailed description of the property contained on the face of the warrant, Defendant Molina-Rios' argument that officers would be left to guess at which building they were supposed to search rendering the warrant "so facially deficient that reliance upon it is unreasonable" is without merit. As a result, his objection regarding the good faith exception is overruled, and Magistrate Judge Roemer's recommendation on this basis is adopted.

## CONCLUSION

Based on all of the foregoing, the Court ACCEPTS AND ADOPTS the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy (ECF No. 50) in its entirety, and ACCEPTS AND ADOPTS the Report and Recommendation filed by United States Magistrate Judge Michael J. Roemer (ECF No. 59) in its entirety. The suppression

motions filed by Defendants Molina-Rios and Andujar (ECF Nos. 25, 28) are DENIED in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
January 23, 2017

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court