UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       -vs.-                                    **DEFENDANT'S SENTENCING MEMORANDUM**

ORLANDO RIOS,

                                                  15-CR-122-G

                    Defendant.

_____

       This sentencing memorandum is filed on behalf of defendant Orlando Rios, and addresses factors intended to supplement information provided in the presentence report. It is submitted with the intention of complying with the Plea Agreement's paragraph 13, in that the Plea Agreement makes no provision for Rios to, "… advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines…"

       This memorandum shall, however, address the Title 18 U.S. Code section 3553 factors believed important for the Court to consider in crafting an appropriate sentence for Mr. Rios.

### *The Plea Agreement*

       The Plea Agreement's paragraph 7(a) imposes, "the two level increase pursuant to Guidelines section 2D1.1(b)(1) (possession of a dangerous weapon)." This is a Colt .380 semi-auto pistol with four rounds in the magazine, but none in the chamber. It was seized pursuant to a search warrant executed at Rios' residence, 42 Potomac Ave., Buffalo, on June 18, 2015.

       A diligent review of the disclosure in this case failed to reveal a single instance of the use or threatened use of this weapon in the course of controlled substance trafficking. Mr. Rios explained that he obtained the pistol after his wife, Karen LaPorte Guma, was sexually assaulted while Mr. Rios was working a night shift at Tyson Foods.

       With regard to Mr. Rios' criminal history, extraordinary effort was invested by the government and defense counsel. Since I have no access to the data bases, reliance upon the government and Pretrial Services for my client's criminal history is a given. While negotiating the plea agreement, the government provided correspondence received on May 1, 2017. It included the Pretrial Services report dated June 29, 2015 and 27 pages of data from the DEA, NCIC, and NLETS. Written on the Pretrial Services report were calculations of criminal history points for three prior convictions in the continental U.S. and Puerto Rico, totaling 6 points.

1

Mr. Rios was given the criminal history material provided by the government, and I personally discussed each of the three prior convictions with him at the Cattaraugus County Jail on May 4, 2017.  The proposed plea agreement's offense level was the subject of Mr. Rios' objection to the agreement.  A meeting between defense counsel, AUSA Tripi, and AUSA Tokash was conducted on May 26, 2017, and we emerged with a revised plea agreement with a reduced offense level.  This version is the one to which the defendant eventually pled; paragraph 12 computed an offense level of 34 and a criminal history category of III.  Mr. Rios' sentencing range would be a term of imprisonment of 188 to 235 months, identical to co-defendant Andujar.

At paragraph 67 of the PSR, a fourth conviction was cited.  Originating in Plymouth, Massachusetts, Mr. Rios pled guilty to a felony controlled substance offense for which he is assessed 3 additional criminal history points.  I was unaware of this conviction, and I believe that the government – having always dealt with me in good faith – was also unaware of the conviction.

The startling and unanticipated result is that with 9 criminal history points, Mr. Rios is now a career offender [Guidelines section 4B1.1(b)] and now has a criminal history category of VI.  This increases the Guidelines imprisonment range to 262-327 months.

In my three telephone conferences with Mr. Rios on November 17, 2017, he bitterly complained that the government and I, "set him up."  I denied that we had knowledge of the Massachusetts controlled substance conviction, which had not appeared in any of the materials provided to us.  I told my client that the person in the best position to know of the Massachusetts conviction was him, and that this would be obvious to the Court.

### *18 U.S.C. section 3553: Factors to Be Considered in Imposing a Sentence*

This statute requires the Court to impose a sentence sufficient, but not greater than necessary to comply with the following factors.

The offense of conviction, with reference to the plea agreement's factual basis, was highly organized. Mr. Rios not only maintained a premises from which heroin was distributed, but he was a manager of the distribution network.  There are, however, mitigating factors that the sentencing Court should be aware of.

The presentence report documents a lifetime of controlled substance dependency.  Mr. Rios did not devote much time or discipline to treatment, although there were periods of sobriety.  At the time of his arrest on his indictment, Mr. Rios was injecting 40 bags of

heroin per day. This is evidence of an expensive and uncontrolled addiction. Despite the volume of the conspiracy's daily sales, Mr. Rios claims that he did not substantially profit from the enterprise.  He "shot up" his profits; any earnings from the criminal enterprise were taken in trade.

The search of his home resulted in the seizure of $4,510 in cash.  Mr. Rios' wife, Karen LaPorte Guma, provided to defense counsel proof that her husband had previously won thousands of dollars at the Seneca Buffalo Creek Casino on four recent occasions.  A receipt for the winnings found during the search could not be located.

Mr. Rios asks this Court impose a term of imprisonment for which the defendant bargained in the plea agreement, 188 months.  This is the sentence imposed by this Court for co-conspirator Andujar.  Codefendant Molina-Rios received a 210-month term of imprisonment and five years of supervised release.

A term of imprisonment of 188 months and 5 years of supervised release:

- Reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense;
- Affords adequate deterrence to criminal conduct;
- Protects the public from further crimes of Mr. Rios; and
- Provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

DATED: November 27, 2017
       Elma, NY

                                            s/Joseph J. Terranova
                                            Attorney for Defendant
                                            ORLANDO RIOS
                                            2901 Bowen Rd., Suite C
                                            Elma, NY  14059-9496
                                            7126.652.0666
                                            terranovalaw@verizon.net

TO: Meghan A. Tokash, AUSA
     Lisa B. Ferraro, U.S. Probation Officer

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

       -vs.-

                                                      15-CR-122-G

ORLANDO RIOS,

            Defendant
_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2017, I electronically filed the DEFENDANT'S SENTENCING MEMORANDUM with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following participants in this case:

        Meghan A. Tokash, AUSA

        Lisa B. Ferraro, U.S. Probation Officer

No mailings were known to be required.

                                                         <u>s/Joseph J. Terranova, Esq.</u>