IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DANIEL MOLINA RIOS,

                Petitioner,

                                          15-CR-122-FPG-JJM-2
                                          19-CV-243-FPG

        v.

UNITED STATES OF AMERICA,

                Respondent.

_____

## GOVERNMENT'S ANSWER
## TO MOTION PURSUANT TO 28 U.S.C. § 2255

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Meghan A. Tokash, Assistant United States Attorney, of counsel, hereby makes and files its answer to the petitioner's motion pursuant to 28 U.S.C. § 2255 (hereinafter "Section 2255") alleging, *inter alia*, ineffective assistance of counsel with regard to the sentence that was imposed for the instant offense by this Court on November 2, 2017. The record supports the conclusion that petitioner's plea of guilty was properly counseled and that he entered into the plea agreement knowingly, willfully and voluntarily. As the petitioner was sentenced within the guideline range stipulated to by parties pursuant to the plea agreement, the collateral attack waiver contained within the agreement should be enforced. Accordingly, this Section 2255 motion should be dismissed, or in the alternative, denied in its entirety.

## PROCEDURAL HISTORY

On August 9, 2017, the petitioner, Daniel Molina-Rios (hereinafter "Molina-Rios" or "petitioner") appeared before this Court and, pursuant to a written plea agreement with the government, pled guilty to a violation of 21 U.S.C § 846 (conspiracy to possess with intent to distribute, and distribution of, 100 grams or more of heroin). A copy the plea agreement is annexed hereto as Exhibit 1 (hereinafter the "Plea Agreement").   The parties agreed that a term of imprisonment between 210 and 262 months would be the appropriate disposition of this case. (Exhibit 1, ¶13). The Plea Agreement also set forth the parties' understanding of the petitioner's criminal history category, which was identified as category V. (Exhibit 1, ¶12).

The Plea Agreement outlined details as to how the agreed upon sentencing range was calculated. Namely, the parties agreed that the base offense level for the offense of conviction was level 30 (Exhibit 1, ¶7), and that the following adjustments applied resulting in a total offense level of 33:

- A two level increase pursuant to U.S.S.G. § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance) (Exhibit 1,¶8b);

- A four level increase pursuant to U.S.S.G. § 3B1.1(a) (aggravating role in offense) (Exhibit 1,¶9a); and

- A three level downward adjustment pursuant to U.S.S.G. § 3E1.1(a), based on the petitioner's acceptance of responsibility (Exhibit 1, ¶11).

The aforementioned Plea Agreement was executed in open court on August 9, 2017, following an extensive plea colloquy.   During the course of the colloquy, the Court carefully reviewed the salient terms of the agreement. Although the petitioner's first language is Spanish, the petitioner speaks and comprehends English well. Nevertheless a Spanish

2

interpreter was made available to the petitioner during the course of the plea proceedings. A Spanish interpreter was also utilized to assist the petitioner with reviewing the Plea Agreement. (Exhibit 1, page 10). The Court began the proceeding by confirming that Molina-Rios was of sound mind and had not been coerced in any way to plead guilty.   The Court then went on to advise Molina-Rios of the various rights afforded to him by law and further advised that by pleading guilty, he would be giving up those rights.   The Court also confirmed that Molina-Rios had reviewed the Plea Agreement in its entirety with his attorney, and that he was satisfied with his attorney's representation.   The Court informed Molina-Rios of the charge against him, the minimum and maximum penalties, the elements of the offense, and confirmed that there was a factual basis to support the plea of guilty.

The Court then carefully discussed the U.S.S.G. with the petitioner. The Court confirmed the petitioner's understanding and agreement that his base offense level was 30. The Court stated that the agreement called for a two-level increase for maintaining a premises to manufacture or distribute a controlled substance, and the petitioner acknowledged and agreed with the applicability of this enhancement.   The Court advised the petitioner that there was also a four-level upward adjustment based upon his playing an aggravating role in the offense, which the petitioner also acknowledged and agreed with. Finally the Court reviewed the portion of the plea agreement that called for the petitioner to receive a three-level downward adjustment based upon the petitioner's acceptance of responsibility, which the petitioner acknowledged and agreed with. The petitioner thereafter acknowledged that his adjusted total offense level was 36. The Court advised the petitioner that it appeared that his criminal history category was level V as reflected in the Plea Agreement, and that when

combined with a level 33 offense level, the guidelines called for a term of imprisonment between 210 months and 262 months, all of which the petitioner acknowledged he understood.

When Molina-Rios was asked directly by this Court if there was anything contained in the agreement that he did not understand or if there was anything he wanted to ask his attorney, Molina-Rios responded by saying "No." The petitioner was asked by the Court about understanding that that he was giving up or waiving his right to appeal the sentence in this case if, in fact, the Court imposed a sentence of 210 to 262 month's imprisonment or less. The petitioner told the Court "Yes."   Molina-Rios then acknowledged executing the plea agreement in the presence of the Court, and thereafter entered his plea of guilty.   Before accepting the plea, the Court made findings, including:

- that included the opportunity to speak with the defendant and determine that the defendant was not being forced or threatened to enter into a plea of guilty;

- that he reviewed this plea agreement with his attorney Mr. Torre and that he was satisfied with the representation provided by Mr. Torre;

- that he understood that he had an aggravating role in the conspiracy;

- that maintained a premises at 74 Fillmore Avenue, Lower, in Buffalo, New York for the purpose of distributing the heroin that was sold in the Western District of New York and elsewhere;

- that this charge carries a base offense level of 30;

- that there is a two level increase for maintaining a premises to manufacture or distribute a controlled substance;

- that an additional four level upward adjustment for the petitioner playing an aggravating role in the offense;

4

- that with the total offense level of 33 is combined with a criminal history category of V, the sentencing range under the guidelines involves a term of imprisonment between 210 months to 262 months; a fine between $17,500 and $5 million; and a period of supervised release of four to five years; and

- that based upon all that the Court found that the plea to Count 1 of the indictment was in all respects knowing and voluntary, and that the defendant articulated a factual basis to support all the elements of that charge, and therefore, the Court accepted the defendant's plea of guilty.

On November 2, 2017 the parties appeared for sentencing. A Presentence Investigation Report (hereinafter the "PSR") was prepared by United States Probation and submitted to the Court and the parties, a copy of which was submitted separately under seal. Through all of the foregoing, and at the time of sentencing, the petitioner was represented by Nelson Torre, Esq.

On February 25, 2019, Molina-Rios filed this motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel (to the best of the government's understanding based on the defense papers). Based on a review of the docket, this is petitioner's first motion pursuant to 28 U.S.C. § 2255. It does not appear that the petitioner has filed an appeal with respect to this matter.

## **ARGUMENT**

Title 28 U.S.C. § 2255 permits a petitioner to move to vacate his sentence only if it was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. Collateral relief is available only for a constitutional error "that

constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F3d 8, 12 (2d Cir. 1995), *quoting United States v, Addonizio*, 442 U.S. 178, 184 (1979). The Second Circuit has explained, "[t]he reasons for narrowly limiting the relief permitted under § 2255 - a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place - are 'well known and basic to our adversary system of justice.'" *Bokun,* 73 F.3d at 12; quoting *United States v, Addonizio*, 442 U.S. 178, 184 (1979).

Furthermore, Molina-Rios knowingly waived his right to collaterally attack any sentence between 210 to 262 months, a fine of $17,500 to $5,000,000 and a period of supervised release of 4 to 5 years. (Exhibit 1, ¶ 19-20, and pages 7-8). To overcome the waiver provision contained in the Plea Agreement, Molina-Rios must show that the Plea Agreement was not made knowingly, voluntarily, and intelligently, *United States v. Da Cai Chen*, 127 F.3d 286, 289-290 (2d Cir. 1997), because "the advice he received from counsel was not within acceptable standards." *United States v. Torres*, 129 F.3d 710, 715-716 (2d Cir. 1997). The record supports the conclusion that Molina-Rios's plea was fully counseled and entered into knowingly, willfully and voluntarily. Accordingly, the collateral attack waiver contained therein should be upheld and this 28 U.S.C. § 2255 motion should be dismissed, or in the alternative, denied in its entirety.

## I.

## PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ARE WITHOUT MERIT

### A.    Standard of Review

In *Strickland v. Washington*, 466 U.S. 668, 1984, the Supreme Court established a

6

performance and prejudice test to evaluate the claim that defense counsel in a criminal case has been ineffective. In order to make a successful ineffective assistance of counsel claim, a petitioner faces a "difficult two part test." *DeLuca v. Lord*, 77 F.3d 578,584 (2d Cir. 1996). He must demonstrate (1) that counsel's performance was deficient as measured against "an objective standard of reasonableness…under prevailing professional norms," and (2) that counsel's deficient performance was prejudicial to his case. *Strickland*, 466 U.S. at 687-688 (1984); *see also Vadas v. United States*, 527 F.3d 16, 20 (2d Cir. 2007).

A petitioner cannot meet the first prong of the *Strickland* test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, a petitioner bears the "heavy burden" *United States v. Gaskin*, 364 F. 3d 438, 468 (2d Cir. 2004) of establishing that his counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." *Strickland*, 466 U.S. at 687. There is a "strong presumption" in this regard that a defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. *Id.* At 689; *Vadas v. United States*, 527 F.3d at 20. This presumption is necessary because "[i]t is all too tempting for a petitioner to second-guess counsel's assistance after conviction or adverse sentence…" *Strickland*, 466 U.S. at 689.

In the context of a guilty plea, a petitioner must demonstrate that counsel's deficient performance undermines the voluntary and intelligent nature of a petitioner's decision to plead guilty. *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). A guilty plea "is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the petitioner's will or the petitioner's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). To satisfy the prejudice

7

prong of *Strickland*, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. In the context of a plea, the petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

To establish counsel's ineffectiveness, both prongs of the *Strickland* test must be satisfied. A failure to satisfy one prong relieves the court of the necessity for satisfying the other prong. *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991). More particularly, "if it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir. 1997), *quoting Strickland*, 466 U.S. at 697.

**B.    Argument**

**1.    Petitioner Cannot Establish Prejudice**

Because Molina-Rios entered a plea of guilty pursuant to a written plea agreement, in order to establish "prejudice", he must show that, but for counsel's errors, there is a reasonable probability that he would not have entered a guilty plea but instead insisted upon proceeding to trial. In other words the petitioner must establish that his counsel's deficient performance undermined the voluntary and intelligent nature of his decision to plead guilty.   *United States v. Arteca*, 411 F.3d at 320. Molina-Rios makes no showing whatsoever in this regard. Molina-Rios's Section 2255 motion fails to establish that his counsel was deficient in any way such that, the petitioner would have insisted upon proceeding to trial rather than plead guilty. Due

8

to petitioner's failure to even allege, much less establish, that but for counsel's errors, there was a reasonable probability he would have insisted upon proceeding to trial, his 28 U.S.C.§ 2255 motion should be summarily dismissed.

The voluntary and intelligent nature of petitioner's guilty plea is clearly supported by the record. Before this Court, Molina-Rios indicated that he wished to accept the government's proposed plea agreement which stipulated that a range between 210 and 262 months of imprisonment was the appropriate disposition of this case. The petitioner was presented with the Plea Agreement that he reviewed with counsel and then entered into knowingly and voluntarily. The Court properly advised the petitioner of the statutory mandatory minimum terms of imprisonment, the statutory maximum term of imprisonment, and reviewed the applicable sentencing guideline calculations contained in the Plea Agreement *before* Molina-Rios entered his guilty plea. In other words, Molina-Rios made the decision to enter into the proposed Plea Agreement with his eyes wide open, and was fully aware of the consequences of doing so. As such, "[I]t is difficult for a petitioner who was made aware of the actual sentencing possibilities of a plea to demonstrate that he suffered prejudice as a result of counsel's error." *United States v. Giudice*, 2004 WL 1152539 at 5 ((S.D.N.Y. May 21, 2004); *see also Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992).

For these reasons, Molina-Rios has not established that but for counsel's alleged errors, he would have proceeded to trial. Nor does the petitioner even make such an allegation. Nowhere does petitioner argue that the deficient advice he received from counsel undermined his ability to enter into the Plea Agreement and plead guilty in a truly intelligent and voluntary manner. Therefore, petitioner's motion should be dismissed as he cannot demonstrate he

suffered the required prejudice that would support a claim of ineffective assistance of counsel. *Femia v. United States*, 47 F.3d 519, 526 (2d Cir. 1995). As the Court noted in *Femia*, a "lack of actual prejudice supplies a fully adequate basis for the district court's sua sponte dismissal of the petition under §2255. *Id.*

### 2. Defense Counsel's Performance Was Not Deficient

Although unnecessary given Molina-Rios's failure to establish prejudice, the government can also rebut Molina-Rios's claim that counsels' assistance was not reasonably professional. As the Court knows, defense counsel's competence is presumed, and Molina-Rios must rebut this presumption by demonstrating that his attorney's representation was unreasonable under prevailing professional norms. Molina-Rios fails to overcome this strong presumption, nor has he met the heavy burden placed upon him to show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment.

### a. Petitioner's plea of guilty was made knowingly and voluntarily

The plea colloquy supports the conclusion that the petitioner plead guilty because he wanted to plead guilty; because he believed it was in his best interests to do so. This is further evidenced by the dearth of allegations to the contrary in the petitioner's motion. As such, the sufficiency of Mr. Torre's legal counsel to the petitioner is evidenced by the plea itself.

The petitioner's plea was taken pursuant to Rule 11 of the Federal Rules of Criminal Procedure, which dictates that the District Court must ensure that a plea is knowing and voluntary. *Hill v. Lockhart*, 474 U.S. 52 (1985). "A plea is voluntary when it is not induced by threats or misrepresentations, and the petitioner is made aware of the direct consequences of the plea…[a] plea is knowing and intelligent when the petitioner is competent, aware of the

charges and advised by competent counsel." *United States v. Galbraith*, 313 F.3d 1001, 1006 (7th Cir. 2002), *citing Brady v. United States*, 397 U.S. 742, 755 (1970); *see also Godinez v. Moran*, 509 U.S. 389, 401 (1993). In *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996), the court stated that the purpose of the … "knowing and voluntary inquiry…is to determine whether the petitioner actually does understand the significance and consequences of a particular decision and whether the decision is un-coerced.

"Three core concerns under lie [Rule 11]: (1) the guilty plea must be free from coercion; (2) the petitioner must understand the nature of the charges; and (3) the petitioner must know and understand the consequences of his guilty plea." *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996), *see also United States v. Magana*, 147 Fed. Appx. 200, 201 (2d Cir. 2005). To accomplish this aim, Rule 11 "ensures a colloquy that 'exposes the petitioner's state of mind in the record through personal interrogation.'" *Key v. United States,* 806 F.2d 133, 136 (7th Cir. 1986). "Where the court has scrupulously followed the required procedure, 'the petitioner is bound by his statements in response to that court's inquiry." *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992).

This Court scrupulously followed the Rule 11 directives, and based on petitioner's answers, found that his plea was entered knowingly and voluntarily. (Exhibit 2, pages 5-22). The thorough plea colloquy, which is incorporated herein by reference, demonstrated that all of the requirements were met to establish that petitioner's plea of guilty was indeed knowingly, intelligently and voluntarily entered into, and in no way was it the result of coercion or promises outside of the Plea Agreement. The Court confirmed that Molina-Rios reviewed the Plea Agreement with his attorney *prior* to entering the plea, and confirmed

Molina-Rios was satisfied with the representation provided by defense counsel. The Court advised Molina-Rios of the trial rights he would waive by entering a guilty plea, including the elements of the offense the government would be required to prove beyond a reasonable doubt for him to be found guilty. The petitioner agreed to the underlying factual allegations as set forth in the Plea Agreement. (Exhibit 1, ¶5). This point is further emphasized by the defendant's signature at the end the Plea Agreement which acknowledged that the petitioner had read the agreement, had a full opportunity to discuss the contents of the agreement with counsel, that he fully agreed with the contents of the agreement and that he was signing it voluntarily. (Exhibit 1, page 10).

Based on all of the foregoing, it is clear that Molina-Rios entered into the agreement with a full and complete understanding of the consequences of doing so. No basis was set forth by the petitioner, nor does one exist, for the Court to find that the petitioner's guilty plea did not represent "a voluntary and intelligent choice among the alternative courses of action open to [him]." *Hill v. Lockhart*, 474 U.S. at 56. Molina-Rios plead guilty because he wanted to plead guilty; because he felt it was in his best interests to do so. As such, the petitioner's knowing and voluntarily guilty plea, which he made pursuant to the terms of the Plea Agreement negotiated by Mr. Torre, is evidence of the competent legal representation Torre provided. Therefore, the petitioner's motion should be dismissed or denied in all respects.

**b.    Counsel was not ineffective for advising Molina-Rios to accept the Plea Agreement**

Defendants are entitled to the effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Defense counsel has the duty to

12

communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 556 U.S. at 168. "Counsel has a professional obligation to adequately inform her client about the considerations that are relevant to her client's decision to accept or deny a plea bargain." *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005). However, while "[d]efense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government", *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010)(*citing Pham v. United States*, 317 F. 3d 178, 182 (2d Cir. 2003), the ultimate decision to enter a plea of guilty is made solely by a defendant, "[a]nd a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer." *United States v. Purdy*, 208 F. 3d 41, 45 (2d Cir. 2000).

Here, there is nothing which reveals the Plea Agreement to be unconscionable, and as stated previously, the petitioner has not alleged that Mr. Torre's advice to accept the Plea Agreement was ineffective. As Mr. Torre's advice was not ineffective, petitioner's motion should be denied.

**c.    Counsel was not ineffective for not challenging the issues set forth as Ground 1, 3 and 3 in Petitioner's Application**

Counsel's claims in Grounds 1, 2 and 3 are all without merit.  In Ground 1, the petitioner is challenging the drug quantity set forth in the factual basis of the plea, to which the petitioner agreed by signing his name to the plea. If the petitioner did not agree with the drug calculation, he should not have entered into the plea. Ground 2 should also be denied

because Molina-Rios indicated that he understood the Charge that he was pleading to, agreed with the factual basis, and told the Court, in his own words, why he was guilty. Petitioner's answers during the plea colloquy contravene his present claims in Grounds 1 and 2 and are therefore without merit.

Finally, with respect to Ground 3, Molina-Rios claims Mr. Torre was ineffective for not challenging the four level enhancement for Molina-Rios being a manager or supervisor. However, the petitioner does not make any allegations of having been coerced into accepting this enhancement as part of the Plea Agreement.   Nor does the petitioner allege that he was not aware of this enhancement at the time he executed the Plea Agreement and entered his guilty plea. All the petitioner submits in support of this argument are conclusory statements that the evidence offered by the government was insufficient to warrant this enhancement, and that his attorney should have objected to it at sentencing. As previously stated, the record is clear that the petitioner understood the terms of the Plea Agreement and entered into it knowingly, voluntarily and intelligently. As such, he cannot bootstrap an attack on the merits of the agreed upon sentence through the guise of this ineffective assistance of counsel argument.

## II.

### BECAUSE THE PETITIONER CANNOT DEMONSTRATE THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HIS SECTION 2255 MOTION IS PROCEDURALLY BARRED BY THE COLLATERAL ATTACK WAIVER

In exchange for receiving a plea offer to a single count and an "agreed upon" sentencing range, Molina-Rios was required by the government to waive his ability to

collaterally attack any sentence that did not exceed 262 months. (Exhibit 1, ¶¶19-20). The sentence imposed by the Court was 210 months—the lowest end of the agreed upon sentencing range, and therefore Molina-Rios should be barred by the waiver from proceeding on this motion. Where, as here, a petitioner knowingly and voluntarily waives his appeal and section 2255 rights in a plea agreement, and obtains the benefits of a plea agreement, the court should enforce the Section 2255 waiver provision and dismiss the petition. *Garcia-Santos v. United States*, 273 F.3d 506 (2d Cir. 2001)(per curiam); *Mercedes v. United States*, 2002 WL 1974050 at 2-3 (S.D.N.Y Aug 27, 2002).

The government recognizes that there is an exception to the general rule outlined in the preceding paragraph. That is, the procedural bar can be eliminated if it is established that ineffectiveness of counsel rendered the petitioner's plea, and his appeal and collateral attack waiver therein, unknowing and involuntary. *See United States v. Hernandez*, 242 F 3d 110, 113-114(2d Cir. 2001)(per curiam); *United States v. Parisi*, 529 F.3d 134, 148 (2d Cir. 2008); *Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 195-196 (2d Cir. 2002); *Summers v. United States*, 2014 WL 4829207, at 2 (W.D.N.Y. Sept. 29, 2014). However, as the government established in the preceding section, the ineffective assistance claim asserted by the petitioner is without merit, and his plea was indeed made knowingly and voluntarily. Having agreed to be bound by the terms of the Plea Agreement, and having been sentenced to the lowest possible sentence within the agreed upon range, the petitioner should not be permitted to undo his agreement with the government.

It is "well-settled that a petitioner's knowing and voluntary waiver of his right to [collaterally attack] a sentence within an agreed upon guidelines range is enforceable." *United*

*States. Djelevic*, 161 F.3d 104, 106-107 (2d Cir. 1998)(per curiam). Indeed the Second Circuit has repeatedly upheld waivers of collateral attack holding that "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement." *Frederick v. Lewisburg Correctional Facility*, 308 F.3d 192, 195 (2d Cir. 2002); *see also Garcia-Santos v. United States*, 273 F. 3d 506, 509 (2d Cir. 2001); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1997). In *Blackledge*, the court held that "[T]he representations of the petitioner [at a plea hearing]…constitute a formidable barrier in any subsequent collateral proceeding…The subsequent presentations of conclusory allegations unsupported by specifics [in a habeas petition] is subject to summary dismissal."

The court in *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004), echoed the above, writing that "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of petitioners." The court in *Garcia-Santos v. United States*, 273 F.3d at 509, wrote that "[l]ike a waiver of direct appeal rights [§2255 waivers] serves the government's interest in avoiding both the expense and uncertainty of further litigation."

In *United States v. Djelevic*, 161 F.3d 104, 106-107 (2d Cir. 1998), in a factual scenario much like the matter at bar, the court noted that the petitioner did not contend that his waiver of his right to appeal was not knowing and voluntary. Nor did petitioner suggest that he received ineffective assistance of counsel in entering the plea agreement. *Id*. Instead "[petitioner] claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention." *Id*. at 107. The court in *Djelevic* went on to write that "…despite his effort to dress

16

up his claim as a violation of the Sixth Amendment, [petitioner] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government." *Id*.

In the instant matter, much like in *Djelevic*, as far as the government can tell from the defense papers, all of the petitioner's claims of ineffective assistance are related to his representation at the time of sentencing, save for his allegation that Mr. Torre was ineffective for not challenging the four level enhancement for being a manager or supervisor. Molina-Rios Mr. Torre should have objected to a guidelines related adjustment and that his sentence was based on "the statutory interpretation of the substantive criminal status" and that "here the government failed did not (clearly) prove the statute what substance containing isomer/salt's" that allegedly had similar effects to others methamphetamine, coca leave, heroin, cocaine and other controlled substance § 841(a) conviction containing acts and not containing penalties (sentence)" (Defense motion, page 8, ¶A).   The petitioner claims that his attorney was ineffective for failing to argue against the imposition of the very sentence petitioner bargained for. This is precisely the argument rejected by the court in *United States v. Dejelevic*, 161 F.3d at 107. For all of the foregoing reasons, the defendant is barred by virtue of the Plea Agreement from challenging his sentence, which was imposed in conformity with what he bargained for. Therefore his motion should be dismissed or denied in all respects.

## III.

## THE PETITIONER'S MOTION SHOULD BE DENIED WITHOUT A HEARING

The petitioner's motion should be dismissed and/or denied without a hearing. Since the files and records of the case conclusively show that the petitioner is entitled to no relief,

an evidentiary hearing is unnecessary. 28 U.S.C. § 2255. *See also Chang v. United States,* 250 F.3d 79, 86 (2d Cir. 2001) (holding that it is within the court's discretion to find an evidentiary hearing unnecessary); *United States v. Aiello*, 900 F.2d 528,534 (2d Cir. 1990)(holding that when making its determination regarding the necessity of a hearing, the district court may draw upon its personal knowledge and recollection of the case).

## CONCLUSION

Based upon all of the foregoing, the United States of America respectfully requests that petitioner's motion be dismissed, or in the alternative, denied in its entirety. Moreover, pursuant to 28 U.S.C § 2253, the Court should decline to issue a Certificate of Appealability since petitioner has not made a substantial showing of the denial of a constitutional right.

DATED:      May 6, 2019
            Buffalo, New York

                        Respectfully submitted,
                        JAMES P. KENNEDY, JR.
                        United States Attorney


            By:     s/MEGHAN A. TOKASH
                    Assistant United States Attorney
                    United States Attorney's Office
                    Western District of New York
                    138 Delaware Avenue
                    Buffalo, New York 14202
                    (716) 843-5860
                    Meghan.Tokash@usdoj.gov

18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DANIEL MOLINA RIOS,

                     Petitioner,

                                                  15-CR-122-FPG-JJM-2
                                                  19-CV-243-FPG

         v.

UNITED STATES OF AMERICA,

                     Respondent.

—————————————————————

CERTIFICATE OF SERVICE

      I hereby certify that on May 3, 2019, I electronically filled the foregoing with the

Clerk of the District Court using its CM/ECF system.


      I hereby certify that I have mailed the foregoing, by the United States Postal Service,

to the following non-CM/ECF participant:


Daniel Molina-Rios
Reg. No. 24181-055
FCI Fort Dix
P.O. Box 2000
Joint Base – MDL, NJ   08640

                                          s/Meghan A. Tokash